UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN THE MATTER OF**                      **CIVIL ACTION**
**S&W MARINE, INC.**

                                                            **No. 16-17645**

                                                            **SECTION I**

## ORDER AND REASONS

This is an admiralty limitation of liability action filed pursuant to Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and Title 46, United States Code, Section 30501, *et seq*. Before the Court is an unopposed motion[1] filed by petitioner S&W Marine, Inc. seeking a default judgment against all non-appearing claimants. For the reasons set forth below, the motion is granted.

### I.

On December 21, 2016, S&W Marine filed a Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, *et seq*. in connection with allegations that the M/V NANCY GISCLAIR was operated negligently on or about June 4, 2016. This Court ordered notice to be issued requiring all persons claiming damages arising from the voyage of the M/V NANCY GISCLAIR to file their respective claims with the Clerk of Court on or before February 3, 2017. *See* R. Doc. No. 3. Legal notice appeared in The Times-Picayune on January 4, 11, 18, and 25,

---

[1] R. Doc. No. 6.

2017, and on February 1, 2017. *See* R. Doc. No. 6-2, at 1. The period for filing claims has expired and the only claim filed was that of claimant Timothy Istre. There have been no other claims filed with respect to the voyage of the M/V NANCY GISCLAIR.

**II.**

S&W Marine asserts that it is entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, mandates:

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

S&W Marine fulfilled its obligation to publish notice of the limitation proceeding once a week for four consecutive weeks in The Times-Picayune, as required by Supplemental Rule F(4). The notice expressly and clearly stated that the deadline for filing a claim was February 3, 2017 and that a consequence of failing to file a claim by that deadline would be entry of a default. *See* R. Doc. No. 6-2, at 2. Approximately three weeks have elapsed since the deadline for filing a claim. To date, only Timothy Istre has filed a claim. Accordingly, S&W Marine is entitled to a default judgment as to all other non-appearing claimants.

## III.

For the foregoing reasons,

**IT IS ORDERED** that S&W Marine's motion is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any and all parties that did not enter a claim in the above-captioned limitation proceeding are hereby in default, and are enjoined from entering a claim against S&W Marine, Inc. arising out of or in connection with the alleged incident which took place on or about June 4, 2016 on the M/V NANCY GISCLAIR, as described in the Complaint for Exoneration from or Limitation of Liability.

New Orleans, Louisiana, March 3, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**